Breitel, J.
(dissenting). Defendant appeals from his conviction .after trial by jury in the County Court of Chemung County of the crime of rape in the first degree and an incidental second degree burglary. The Appellate Division, Third Department, affirmed by a divided court.
*729 The only issue now presented is whether the trial court erred in admitting testimony that defendant committed an independent assault on another about two hours prior to the commission of the offenses charged in the indictment. The Appellate Division did not reach this question, holding that the error, if any, had been “ waived ” by defendant’s conduct at the trial. While the alleged defect had not been waived, the admission of the challenged testimony was not error.
The relevant facts on the surviving issue are not in dispute. In the early morning hours of June 22, 1965 defendant engaged in an act of sexual intercourse with the complainant, a married woman. Defendant admitted the act of intercourse, but contended that it was with the consent of complainant. Complainant testified that the act was perpetrated against her will, and by means of physical force and threats. Specifically, she testified that “ he told me that if I didn’t stop [resisting] that he would kill me; that he had killed a Negro earlier that evening and he didn’t care whether he killed me or not ”.
As part of the People’s direct case, the prosecution offered the testimony of one Louis F. Green who testified that about two hours prior to the alleged rape defendant assaulted him while he sat in a parked automobile accompanied by two acquaintances of defendant. The testimony was that defendant “took * * * [a] hammer and struck at ” Green. Defendant’s counsel objected to this testimony asking that it be stricken, and a lengthy colloquy ensued. The court permitted the testimony to stand, but did not permit the prosecutor to proceed further along that line of inquiry.
The prosecutor stated that the testimony was offered, among other reasons, to show defendant’s intent to commit rape and to corroborate complainant’s testimony that defendant menaced her by reference to a homicide by him earlier that evening. The court in its charge instructed the jury that ‘ Evidence of another crime alleged to have been committed by the defendant approximately two hours earlier that evening is no proof that the defendant is guilty of the crimes charged here. This evidence was received fa,r the purpose of corroborating a part of the complainant’s testimony in which she said that the defendant had threatened her and that he had killed a Negro earlier that evening.” Thus, the court restricted the admission for the purpose of establishing that a threat had been made. No exceptions were taken to the charge.
*730 Defendant clid not deny the incident with Mr. Green; rather he admitted that he had broken the windows of the automobile in which a Negro, Green, was sitting, because he became enraged when he saw a Negro sitting with a white woman. He denied, however, attacking Green with the hammer. Defendant also admitted, on cross-examination, that at the time of the alleged rape he had said to complainant that he had had a fight with a" Negro, and may have killed him.
The Appellate Division held: ‘ ‘ While we do not condone the admission of the prior assault in evidence in this case, the deliberate elicitation of testimony relating thereto from the defendant on his direct case precludes any argument at this time as to it having been reversible error on the People’s part. (Cf. People ex rel. Keitt v. McMann, 18 N Y 2d 257.) Under the circumstances of this case, assuming arguendo that this testimony was prejudicial, it was waived by the act of the defendant. ’ ’
This reliance upon the Keitt case to demonstrate waiver was misplaced. In that case, relator contended that he had been deprived of a constitutional right by the introduction of proof of a prior conviction in the People’s direct case, in order to establish that defendant was a multiple felony offender. The court held that relator had waived his objection, because prior to the introduction of the evidence he had ‘ ‘ unequivocally ’ ’ stated that he would testify in his own behalf, and he did in fact take the stand and admit the prior conviction (18 N Y 2d 257, 261, 263).
In the present case defendant had made no unequivocal statement prior to the introduction of the Green testimony that he would take the .stand in his own behalf, and there was no indication that defendant would introduce evidence as to the facts of the Green assault. It is true that in his opening defendant’s counsel referred to the defendant testifying, and .said the defense would .show that defendant had had “ .some difficulty with some other people earlier that day ”. But the reference to defendant’s prospective testimony was far from “ unequivocal ” (“I believe he will testify that”), and the reference to “some difficulty ’ ’ did not make it clear that the facts of the Green assault would be elicited. Arguably, defendant might have been able to serve his purpose in establishing the “ difficulty ” (i.e., to explain why he was hiding at the time of his apprehen *731 sion) by generalized references only to the occasion for the alleged assault. It is doubtful, however, that defendant could have kept the inquiry so restricted after his direct examination.
Assuming, however, that defendant could have restricted the inquiry, it would be unwise as a policy matter to hold that defendant’s subsequent testimony waived objection to the evidence, if it had been error to allow it. To so hold would put defendants in the dilemma of having to decide Avhether to stand by an objection and hope for reversal or to try to make the best of a bad situation by explaining aAvay unfavorable evidence, but thereby Avaive the error.
Nevertheless, the testimony Avas properly admitted. It was corroborative of complainant’s testimony that defendant threatened her by reference to a recent assault by him, and possible homicide. While the prosecutor had offered the testimony primarily for the purpose of establishing intent, it was, as noted earlier, received by the trial court only as corroborative evidence of the threat. The jury, presumably, considered it as such corroboration only, pursuant to the court’s charge.
As a general rule, evidence of unconnected prior crimes may not be introduced by the People to prove the likelihood of defendant’s having committed the crime in issue (1 Wigmore, Evidence [3d ed.], § 57). To this general rule the courts have carved out a number of exceptions, Avhich permit the introduction of such evidence to prove motive, intent, lack of mistake or accident, common scheme, or identity (People v. Molineux, 168 N. Y. 264, 291-294).
This case involves proof of another crime to establish the intent with which defendant had sexual intercourse with the victim, the act of intercourse being conceded, but the element of force and threat being denied. The court is not presented, therefore, with the error-laden situation in which the evidence of the other offense was offered as independent evidence of the likelihood of defendant’s guilt. Bather, it served to corroborate testimony that one of the essential elements of the crime took place (force or threat of force), and, in particular, the precise threat used. It is old law that if the evidence is admissible for one purpose it is not rendered inadmissible because precluded for another purpose (1 Wigmore, Evidence [3d ed.], § 13, p. 300).
More particularly, the People had the burden of establishing that defendant had made a threat to complainant and that the *732 threat had the content to which the victim testified. It happens that the content of the threat referred to a prior independent crime. Proof of that crime is not thereby rendered inadmissible if, in fact, it confirmed that the threat had been made. There was such confirmation because of ¡the unlikelihood that the victim would have known about the prior criminal event unless defendant had told her about it and, moreover, it was unlikely that defendant would have related the event to her, she not being an intimate of his, except as a device to produce fear in order to accomplish his purpose. The policy precluding proof of independent crime, even if logically relevant to establish defendant’s predisposition, is not applicable so long as the other crime is directly probative of one of the elements in the crime with which defendant is charged (Carbo v. United States, 314 F. 2d 718, 740-742 [9th Cir., per Merrill, J.]; State v. Belisle, 79 N. H. 444).
It is, of course, arguable that complainant’s testimony was corroborated sufficiently by other evidence, without the necessity of proving the assault on Green. That circumstance, however, does not make the testimony less relevant or less admissible. Green’s testimony was relevant, and, therefore, admissible, to corroborate the fact and content of defendant’s threats, made at a time when it was not likely that complainant knew of the alleged assault upon Green.
On this analysis the dissenting opinion of Mr. Presiding Justice Gibson at the Appellate Division hardly meets the critical issue just because the fact of the threat was an element of the crime charged, as Judge Gibson expressly recognized. Thus he pointed out correctly that the material issue was not whether defendant had committed the prior Green assault but whether he had made a threat embracing such a recital. Proof of the event was admissible not because it also happened to be another crime but because it confirmed that such a threat, including the recital of the assault, had been made to one who otherwise would not have known of the event. The fact that defendant denied the use of force and threats instead of precluding the questioned proof is exactly what makes it admissible.
Of course, it is possible that in a proper case evidence relevant as corroboration would be so prejudicial as compared with the support it provided as to make it unjust to admit it. But here the trial court was careful to limit the facts that could be elicited *733 from Green, and charged the jury in clear terms to disregard the evidence except as it hears on corroboration.
Accordingly, I dissent and vote to affirm the judgment.
Judgment reversed, etc.